# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2010

No. 09-50706
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO CARRILLO-GRIEGO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-955-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Pedro Carrillo-Griego appeals the 87-month sentence imposed in connection with his guilty-plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. Carrillo-Griego argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) and that he should have been sentenced below the guidelines range. He contends that his Texas robbery conviction was double counted and argues that his cultural ties to this country and his motive for reentry support a sentence below the guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range. Carrillo-Griego cites *Kimbrough v. United States*, 522 U.S. 85 (2007), and argues that this court should not accord his sentence a presumption of reasonableness because the illegal reentry guideline is not supported by empirical data.

In reviewing a sentence, we normally "consider[] the 'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).  However, Carrillo-Griego did not object in the district court to the reasonableness of his sentence, so our review is for plain error.  *See United States v. Anderson*, 559 F.3d 348, 358 (5th Cir.), *cert. denied,* 129 S. Ct. 2814 (2009).

Carrillo-Griego acknowledges that his empirical data argument is foreclosed by this court's precedent.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied,* 130 S. Ct. 378 (2009)*; United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).  Carrillo-Griego raises the issue to preserve it for further review.  We have also previously rejected Carrillo-Griego's argument that the double counting of a defendant's criminal history necessarily renders a sentence unreasonable.  *See Duarte*, 569 F.3d at 529-31.

Carrillo-Griego's assertions regarding his personal history and characteristics and his motive for reentering the United States are insufficient to rebut the presumption of reasonableness.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  Carrillo-Griego has not demonstrated that the district court's imposition of a sentence at the top of the guidelines range was plainly erroneous.

The district court's judgment is AFFIRMED.